**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LIONEL WILLARD PEARCE, JR.,[1]**

    Petitioner,

vs.                                            Case No. 4:08cv156-RH/WCS

**WALTER A McNEIL,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction out of the Circuit Court in Wakulla County. Doc. 1. Petitioner's claim is that he was denied his right of direct appeal because neither the judge nor his attorney advised him of his right of direct appeal. *Id.* Respondent filed a motion to dismiss, doc. 6, and Petitioner filed a response. Doc. 7.

---

[1] Petitioner's last name was incorrectly spelled as Pierce on the petition, and that spelling has been used by the court in an order. Petitioner noted the error in responding to the motion to dismiss. Doc. 7, p. 1, n. 1. The docket correctly spells Petitioner's last name as Pearce.

Respondent asserts that the petition is untimely under the one year time limit of 28 U.S.C. § 2244(d)(1). Petitioner's defense to this argument is somewhat intertwined with the merits of his § 2254 petition, so a summary of the claims and record (provided by Petitioner in support of his petition) is set forth here.

Petitioner raises as grounds for § 2254 relief that the trial judge improperly deferred to defense counsel the requirement of informing Petitioner of his appellate rights, and failed to notify him of his right to a direct appeal or the time limit for filing an appeal. Doc. 1, p. 4 (ground one). He claims ineffective assistance of counsel for counsel's failure to advise of his right to appeal and the time limit for taking an appeal. *Id.* (ground two). He also claims in ground two that counsel Cliff Davis "affirmatively misadvised" him that he waived his appeal rights by entering a plea, and as a result Petitioner "involuntarily and unknowingly abandoned several valid issues for said appeal, such as denial of suppression motion, application of victim injury points with out factual basis proven beyond a reasonable doubt, or plead to, and violation of speedy trial." *Id.*

Attachments to the petition reflect that Petitioner signed a "plea and acknowledgment of rights" form. Doc. 1, Ex. A.[2] He agreed to enter a plea of no contest to lesser included offenses, two counts of lewd and lascivious assault upon a child under the age of 16. Ex. A, p. 1; Ex. C (transcript of plea hearing on August 10, 2005), pp. 5-7, 13-14.[3] The plea agreement provided for a ten year sentence in

---

[2] Ex. A appears in the electronic docket as doc. 1-2, pp. 1-3.

[3] Ex. C appears in the electronic docket as doc. 1-2, pp. 13-28.

Cast No. 4:08cv156-RH/WCS

exchange for Petitioner's plea to counts one and two. Ex. A., p. 5.[4] Before the charges were reduced to the lesser included offenses, Petitioner faced 30 years each (a 60 year maximum) on counts one and two. Ex. C, pp. 6-7. The lesser included counts carried a maximum of 15 years each, or 30 years total, absent the agreement. *Id.* Ex. C, pp. 6-7.

When asked by the court if he had gone over the plea form with counsel, and if he understood everything in the written form as well as everything said in court, Petitioner replied "[y]es, sir." Ex. C, p. 7. Asked if he did not understand anything in the plea form or stated in court, Petitioner said "[n]o, sir." *Id.*, pp. 7-8. He said he was entering the plea freely and knowingly, believing it to be in his best interest, and no one had made any promises or threatened him. *Id.*, p. 8.

The written plea form, signed by Petitioner, included this statement:

I understand that by pleading guilty or no contest I am giving up the right to appeal all matters relating to the final judgment, including the issue of my guilt or innocence. If the judge accepts this plea, the only issues I will be able to appeal are those relating to my sentence and the judge's authority to hear my case. I understand that I have 30 days to appeal the court's judgment and sentence, and if I cannot afford a lawyer, one will be appointed for me.

Ex. A, p. 2. After the court accepted the plea and imposed sentence as agreed by the parties, the court said "you've been advised of your appellate rights, Mr. Pearce, as indicated in your written plea. Good luck to you, sir." Ex. C, p. 14.

---

[4] There was a third count with a possible one year sentence which was to be dropped, but some confusion at the hearing over whether it had already been disposed of. Ex. C, pp. 6-7. If not, the state agreed to "nol-pros Count 3." *Id.*, p. 6.

The judgment, imposing concurrent ten year sentences on counts one and two, provided that the defendant was advised of the right to appeal in 30 days and his right to appointed counsel on appeal if unable to afford counsel. Ex. B, p. 4.[5]

Now, turning to the motion to dismiss, there is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period runs from the latest of, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(A) and (B).[6] The limitations period is tolled while "a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim" remains pending in state court. § 2244(d)(2).

Respondent asserts, and Petitioner does not dispute, that Petitioner's time to file a direct appeal expired on September 9, 2005. Respondent claims that the conviction became final on this date and the federal limitations period expired one year later, in

---

[5] Ex. B appears in the electronic docket as doc. 1-2, pp. 4-12.

[6] Other commencement dates are the date the right asserted was recognized by the Supreme Court and made retroactive on collateral review and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(C) and (D). Petitioner does not expressly assert new evidence under § 2244(d)(1)(D), though he does claim that he discovered that he was never advised of the right to appeal in January 2007, when he obtained the transcript of the plea colloquy. Doc. 7, p. 6. This was after he hired counsel "to obtain Court documents and to assess his case for error" in July of 2006. *Id.*, p. 5. With due diligence Petitioner could have obtained the transcript sooner. Moreover, the advice he was given was known to him. He was there. Finally, as this recommendation addresses, the claim that he was never advised of his appellate rights is defeated rather than supported by the record.

September, 2006.  Petitioner filed a petition for writ of habeas corpus seeking a belated appeal in state court on February 8, 2007, which was denied on September 26, 2007.  Assuming this was a properly filed state motion, it could not toll the period if the time had already expired because there was no time left to toll.  Alexander v. Sec'y Dept. of Corrections, 523 F.3d 1291, 1294 (11th Cir. 2008) (citation omitted).  *See also* Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("[w]e remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

Respondent argues that Petitioner filed nothing in state court to toll the period within the one year period after his conviction became final in 2005, so the § 2254 petition filed March 28, 2008, is untimely.

Petitioner responds that neither the trial court nor defense counsel advised him of his right to a direct appeal, and this constituted an "impediment to filing" his petition for purposes of commencing the time under § 2244(d)(1)(B).  Petitioner claims that as he *still* has not been advised of his right to appeal by counsel or the trial court, this "impediment" technically has not yet been removed.

Section 2244(d)(1)(B) commences the one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  Assuming a failure by the court or counsel to advise of the right to appeal could constitute an "impediment" as intended by this statute, Petitioner would

still have to establish that this state action prevented him from timely filing his federal habeas corpus petition and also was a violation of the Constitution.[7]

It is inconceivable that lack of advice regarding a state court direct appeal would ever *prevent* the filing of a § 2254 habeas petition in *federal* court. There is a difference between not knowing about the existence of a claim, which frequently happens, and an actual impediment that prevents the claim from being filed. *But see* Green v. Johnson, 515 F.3d 290, 304-305 (4th Cir. 2008) (finding, where no direct appeal was filed, that "the limitation period started to run *no later* than" the date habeas counsel was appointed because, "[a]t that time, the purported impediment that prevented Green from filing a habeas petition was removed.") (emphasis in original).[8] Moreover, Petitioner has made no showing that any lack of, or incorrect advice regarding, his state court appeal in 2005 actually prevented him from filing anything in federal court.

There is also no showing of a violation of a constitutional violation as to counsel's failure to advise or his misadvice. In the habeas corpus context of establishing cause and prejudice for procedural default, the Supreme Court has discussed impediments which would satisfy the cause requirement. "[W]e think that the existence of cause must ordinarily turn on whether the prisoner can show that some objective factor

---

[7] The court hereafter refers only to the requirement of a constitutional violation. While § 2244(d)(1)(B) also refers to a violation of the laws of the United States, Petitioner makes no such claim.

[8] In that case the court could easily make this assumption in favor of the petitioner, because even with the the later commencement date the petition was untimely. *Id.*, at 305. The court also noted that failure to appeal could have been discovered with the exercise of due diligence long before then, for purposes of commencing the limitations period under § 2244(d)(1)(D). *Id.*, (citation omitted).

external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986); Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (in Murray "[w]e explained clearly that 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him," then quoting this language) (emphasis in original). Attorney error short of constitutionally ineffective assistance does not constitute cause because it is not attributable to the State. 501 U.S. at 753-754, 111 S.Ct. at 2566-67 (explaining Murray). When default results from constitutionally ineffective counsel, however, the error is an external factor which is imputed to the state and constitutes cause. 501 U.S. at 754, 111 S.Ct. at 2567 (citing Murray, other citation omitted); Murray, 477 U.S. at 488, 106 S.Ct. at 2645 (citation omitted).[9] It therefore seems clear that ineffective assistance of counsel in the constitutional sense would have to be shown as the impediment under § 2244(d)(1)(B).

Counsel is not per se ineffective in all cases for failing to either file a notice of appeal or to discuss the possibility of appeal with the defendant. Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000). Where counsel did not consult with defendant regarding an appeal, then (in considering an ineffectiveness claim) the court reviews whether the failure to consult constitutes deficient performance.

---

[9] For a state prisoner in the cause and prejudice context, a claim of ineffectiveness asserted as cause for default must *itself* be exhausted and not defaulted. *Id.*, at 488-489, 106 S.Ct. at 2645-46. It is an interesting question, which need not be considered here, whether a state prisoner would have to exhaust an ineffectiveness claim before asserting it as an impediment to filing before claiming the later commencement date of § 2244(d)(2)(B).

Cast No. 4:08cv156-RH/WCS

*Id.*, at 479, 120 S.Ct. at 1035-36.  Where there is reason to believe either that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for an appeal), or the particular defendant expresses an interest in appealing, then counsel's performance is deficient if he fails to consult with defendant regarding an appeal.  *Id.* at 480, 120 S.Ct. at 1036.  Whether the conviction followed a guilty plea is "highly relevant" to this determination, "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."  *Id.*  The court should consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."  *Id.*   A defendant must also show that the alleged deficient performance caused the forfeiture of his appeal, by demonstrating "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  528 U.S. at 484, 120 S.Ct. at 1038.

   In this case, Petitioner signed a plea agreement advising him of his right to appeal within 30 days, and he acknowledged in court that he read and understood the plea agreement.  He received the 10 year sentence in exchange for the plea agreement, significantly less that the maximum of 60 years he faced (or even the maximum 30 years faced on the lesser included offenses).  Failure to *further* consult with Petitioner regarding an appeal, assuming it could be shown,[10] did not constitute

---

   [10] The claim that counsel did not advise or consult with him about an appeal is belied by Petitioner's own allegation, noted *supra*, that counsel affirmatively misadvised that he waived his right to appeal by entering a plea.  As noted in plea agreement signed and acknowledged in court by Petitioner, he *did* waive "the right to appeal all

deficient performance of counsel. The lack of advice by counsel in this case was not state action in violation of the Constitution.

The trial court's failure to give Petitioner additional advice about an appeal was not constitutional error. A federal court is required by the Federal Rules of Criminal Procedure to advise a defendant of the right to appeal, but "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." Peguero v. United States, 526 U.S. 23, 24, 119 S.Ct. 961, 963, 143 L.Ed.2d 18 (1999). *See also* Fleming v. Sec'y, Dep't of Corrections, 231 Fed.Appx. 932, 934-935 (11th Cir. 2007) (not selected for publication in the Federal Reporter) (quoting this language from Peguero).

In Fleming, the Eleventh Circuit found that the Florida trial court's failure to advise of the right to appeal, as required by Fla.R.Crim.P. 3.670, did not entitle petitioner to § 2254 relief where he had knowledge of his right and could therefore not establish prejudice. *Id.*, at 935. As in this case, "Fleming signed a written plea agreement stating that he understood that he had the right to appeal his conviction and sentence within thirty days of sentencing," so he failed to demonstrate prejudice. *Id.*

Less compelling even that the situation in Fleming, here the written plea agreement was referenced at the plea hearing, Petitioner was asked if he understood it or had any questions, and after taking his plea the court specifically reminded Petitioner

---

matters relating to the final judgment, including the issue of my guilt or innocence," and that the only appealable issues (if the judge accepted the plea, which he did) would relate to his sentence or the judge's authority to hear the case. Doc. 1, Ex. A.

Cast No. 4:08cv156-RH/WCS

that he had been advised of his appellate rights in the written plea agreement. *Compare Id.*, at 933 (noting that there was no reference to the written plea or its contents at the plea hearing). The failure of the state court to provide additional advice regarding an appeal in these circumstances was not state action in violation of the Constitution.

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (doc. 6) be **GRANTED**, and Petitioner's § 2254 petition challenging his 2005 conviction out of the Circuit Court in Wakulla County, case 04-278CFMA, be **DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2008.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Cast No. 4:08cv156-RH/WCS